**FILED**

**JANUARY 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**08 C 308**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 8 2007

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

APRIL WILSON, PARENT AND
GUARDIAN OF MATTHEW WILSON,
A MINOR,

                                                                          PLAINTIFF

v.        Case No. 2:07cv00140JLH  This case assigned to District Judge _Holmes_
                                          and to Magistrate Judge _____
                                          Removed from the Circuit Court of
                                          Lee County, Arkansas
v.                                        Case No. CIV-127

RC2 CORPORATION

                                                                          DEFENDANT


**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1453(b)**
**(DIVERSITY JURISDICTION; CLASS ACTION)**


PLEASE TAKE NOTICE that Defendant RC2 Corporation ("RC2") files this Notice of

Removal of this civil action to the United States District Court for the Eastern District of

Arkansas, Eastern Division, pursuant to 28 U.S.C. § 1453(b) and 28 U.S.C. § 1446.  RC2

demonstrates that this case is properly removable for the following reasons:

1.        RC2 received a copy of Plaintiff's Summons and Class Action Complaint

("Complaint") on October 12, 2007.  This Notice of Removal is therefore timely filed under 28

U.S.C. § 1446(b), having been filed within thirty (30) days of RC2's receipt of the Complaint.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint, together with all other

728691-v1

documents filed in this action in the Circuit Court of Lee County as of the date of removal, are attached hereto as *Exhibit A*.

2.      Pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), a "class action" filed in state court may be removed to federal court if: (1) the number of members of the proposed class is at least 100; (2) at least one plaintiff and one defendant are citizens of different states; and (3) the aggregate amount in controversy exceeds \$5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

3.      Plaintiff's proposed class consists of "all children under the age of eighteen (18) living in the State of Arkansas who are in possession of Thomas & Friends™ Wooden Railway trains and accessories manufactured between January 2005 and June 2007 and coated with toxic lead paint, and who have been, continue to be, and may in the future be adversely affected by the actions and omissions which are the subject of this complaint." Complaint, ¶ 6.

4.      The named Plaintiff is a citizen of Arkansas. Defendant RC2 is a corporation organized and incorporated under the laws of Illinois, with its principal place of business in Oak Brook, Illinois. Thus, sufficient diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A).

5.      Based on recent recall returns of certain Thomas & Friends™ products by Arkansas residents, the number of proposed class members is well over 100.

6.      The Complaint prays for the following relief:

> WHEREFORE, the Plaintiff, as representative of the aforementioned class, prays for judgment against the Defendant, RC2 Corporation, in the amount of Four Million Seven Hundred Fifty Thousand Dollars (\$4,750,000.00 USD), for injuries and damages sustained caused by Defendant's willful negligence, for costs, attorney's fees and all other relief to which the Plaintiff and the class may be entitled.

7.      Although "costs" are excluded from the \$5,000,000 jurisdictional amount, attorney's fees are included in the "claims of the individual class members," which "shall be

aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). *See Nowak v. Innovative Aftermarket Systems, L.P.*, 2007 U.S. Dist. LEXIS 62360 (E.D. Mo. August 23, 2007).

8.    For purposes of determining whether the matter in controversy exceeds $5,000,000, Plaintiff is seeking damages in the amount of $4,750,000, plus attorney's fees and "all other relief to which Plaintiff and the class may be entitled."

9.    Plaintiff has not made, or offered to make, a binding stipulation that the total class recovery, including attorney's fees, punitive damages, and any other available relief, will under any and all circumstances be limited to less than $5,000,000. *See Dowell v. Debt Relief America, L.P.*, 2007 U.S. Dist. LEXIS 74123 (E.D. Mo. October 3, 2007).

10.    Plaintiff's Complaint alleges that RC2 is liable to the class "under the theories of Negligence, Strict Liability, Products Liability, and Breach of Implied Warranty of Merchantibility and Fitness for a Particular Purpose." Complaint, ¶ 23.

11.    Under Arkansas law, a successful class action recovery of a common fund entitles the class to an award of reasonable attorney's fees. *American Trucking Assoc., Inc. v. Gray*, 295 Ark. 43, 746 S.W.2d 377 (1988); *Powell v. Henry*, 267 Ark. 484, 592 S.W.2d 107 (1980).

12.    In addition, if Plaintiff were to ultimately prevail, she may have a statutory basis for recovery of attorney's fees under either Ark. Code Ann. § 16-22-308 (as applied to breach of warranty actions) or Ark. Code Ann. §§ 4-88-113(f) (Deceptive Trade Practices Act). *See Curry v. Thornsberry*, 98 S.W.3d 477, 483 (Ark. Ct. App. 2003); *Thomas v. Olson*, 364 Ark. 444, 220 S.W.3d 627 (2005).

13.    In this case, assuming that the Plaintiff class recovers $4,750,000 in damages as alleged, then a reasonable attorney's fee would certainly exceed $250,000, based on fees

awarded in similar class action recoveries. For example, in *Powell v. Henry*, the Arkansas Supreme Court specifically approved an award of attorney's fees in the amount of fifteen percent of the class recovery. 592 S.W.2d at 110-111; *see also Butt v. Evans Law Firm, P.A.*, 351 Ark. 566, 98 S.W.3d 1 (2003) (discussing attorney's fee award of 25 percent of what taxpayer class recovered). In this case, an attorney's fee award of $250,000 would represent only 5.26% of the damages claimed.

14.    Although Plaintiff does not specify what is meant by "all other relief," Plaintiff has not expressly ruled out the possibility of seeking punitive damages. Aggregate punitive damages would also count toward the $5,000,000 jurisdictional amount. *See Nowak, supra.*

15.    The Complaint alleges that RC2's conduct has been "unconscionable, reckless, wonton [sic], and negligent," because lead paint has been known to be a threat to the health of children for many years. Complaint, ¶¶ 14-15. It is reasonable to infer that if Plaintiff were able to prove unconscionable or reckless conduct, Plaintiff would ask for punitive damages on behalf of the class.

16.    Therefore, the total value of the matter in controversy for jurisdictional purposes, including aggregate potential attorney's fees and unspecified "all other relief," exceeds $5,000,000, and this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d).

17.    This action is removable under 28 U.S.C. § 1453(b), in accordance with 28 U.S.C. § 1446.

RC2 accordingly prays that the Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in the State court, in accordance with law.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: chancock@wlj.com


By _____
      Claire Shows Hancock (95013)



Of Counsel:

Fred R. Biesecker
ICE MILLER LLP
One American Square, Suite 3100
Indianapolis, IN  46282-0200
(317) 236-2193


Attorneys for Defendant
RC2 Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been deposited in the U. S. mail, first-class postage prepaid, on the _____8th_____ day of November, 2007, addressed to:

Davy Carter
Attorney at Law
2171 West Main
P.O.B. 628
Cabot, AR  72023

_____
Claire Shows Hancock
WRIGHT LINDSEY & JENNINGS, LLP
200 W. Capitol Avenue
Little Rock, AR  72201

728691-v1                                           - 6 -